**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ZACHERY KING,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:20-cv-00614** |
| | ) | **Judge Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM**

Pending before the court is a pro se motion under 28 U.S.C. § 2255 by Zachery King, a federal prisoner at the United States Penitentiary Big Sandy, to vacate, set aside, or correct a sentence previously imposed by this court. (Doc. Nos. 1, 2.) The movant challenges the constitutionality of his conviction under 18 U.S.C. § 924(c). The respondent, United States of America, has filed an answer (Doc. No. 7), and the motion is ripe for review. Having fully considered the record, the court finds that an evidentiary hearing is not needed and that the movant is not entitled to relief. For the reasons below, the motion will be denied and this action will be dismissed.

## I. Background

This case arises from the movant's arrest in the parking lot of a Nashville apartment complex. On September 21, 2017, a federal grand jury charged the movant with, in Count One, distribution and possession with intent to distribute crack cocaine under 21 U.S.C. § 841(a)(1) and, in Count Two, possession of a firearm in furtherance of a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A)(i). *See United States v. Zachery King*, Case No. 3:17-cr-184 (Doc. No. 17) (hereinafter "Crim. Action"). On May 23, 2018, the movant pled guilty to both counts. *Id.* (Doc.

No. 56.) On August 24, 2018, without objection by the government, the court sentenced the movant to one day of imprisonment on Count One and 60 months of imprisonment on Count Two, to be served consecutively. Thus, the movant received a total effective sentence of five years and one day of imprisonment. The movant did not appeal. (Doc. No. 1 at 2.)

The movant filed the instant Section 2255 motion on June 29, 2020.[1] (*Id*. at 12.) On August 21, 2020, the respondent filed an answer.[2] (Doc. No. 7.)

## II. Legal Standard

To be entitled to relief, a movant under Section 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States; that the Court was without jurisdiction to impose such sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th

---

[1] Under the prison mailbox rule, the court deems a document filed when it is handed over to prison officials for mailing to the court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Absent contrary evidence, the court presumes a prisoner does so on the date he signs the filing. *See id*. (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n. 1 (6th Cir. 2006) (per curiam)). Here, the movant signed and dated the motion on June 29, 2020, and the envelope in which it was mailed is postmarked July 8, 2020. (*See* Doc. No. 1.) Because the court cannot determine whether this delay was attributable to the movant or the penitentiary, the court applies the prison mailbox rule and presumes the movant deposited the motion for mailing on June 29, 2020.

[2] On September 23, 2020, after the deadline for filing a reply brief (*see* Doc. No. 6) had expired, the movant filed a "Second Motion" under Section 2255. (Doc. No. 8.) On October 2, 2020, the court ordered the movant to submit a motion to amend accompanied by a single, consolidated amended Section 2255 motion and supporting memorandum, or else the court would proceed with a review of the original Section 2255 motion. (Doc. No. 9.) The movant did not respond to this order. Because a movant may pursue only one Section 2255 motion at a time, the Court will order the Clerk to terminate the "Second Motion" and reinstate the original Section 2255 motion, to which a response has been filed. Nevertheless, for the sake of completeness, the court has taken the "Second Motion" into consideration to the extent it discusses the *Davis* claim raised in the movant's original motion.

Cir. 2003)). Non-constitutional errors are generally outside the scope of Section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a Section 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks and additional citation omitted)). In Section 2255 proceedings, it is the movant's burden to show entitlement to relief. *See Potter v. United States*, 887 F.3d 785, 787-88 (6th Cir. 2018).

In ruling on a motion made pursuant to Section 2255, the court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the [movant] is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); 28 U.S.C. § 2255(b). "Bald assertions and conclusory allegations" do not provide grounds for discovery or an evidentiary hearing. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017).

## III. Analysis

The movant raises one claim: his conviction and sentence on Count Two must be vacated pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019). The respondent contends that this claim is both time-barred and without merit. (Doc. No. 7.)

### A. Timeliness

Section 2255 provides for a one-year statute of limitation during which a federal prisoner must file a motion to vacate sentence. 28 U.S.C. § 2255(f). This one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. § 2255(f)(1)-(4). In the event a prisoner does not file a direct appeal, "the statute of limitation commences when the time for filing a direct appeal has elapsed." *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004).

The court entered the movant's judgment on September 24, 2018. *See* Crim. Action (Doc. No. 64). Under the Federal Rules, a criminal defendant has 14 days to file a direct appeal. *See* Fed. R. App. P. 4(b)(1)(A); Fed. R. Crim. P. 45. Because the movant did not appeal, the statute of limitation began to run after 14 days, on October 9, 2018. 28 U.S.C. § 2255(f)(1). The movant had one year from that date to file his Section 2255 motion. *Id*. However, he did not do so until June 29, 2020 – over eight months late. (*See* Doc. No. 1.)

The movant contends that Section 2255(f)(3) operates to excuse this delay.[3] Specifically, he suggests that the United States Supreme Court decided *Davis* in "June of 2019." (Doc. No. 1 at 11.) The Supreme Court decided *Davis* on June 24, 2019. *See Davis*, 139 S. Ct. at 2319. Assuming that *Davis* announced a right applicable to cases on collateral review, pursuant to Section 2255(f)(4), the movant was required to file his Section 2255 motion by June 24, 2020. However, he missed this deadline by five days. (*See* Doc. No. 1.)

The one-year limitations period set forth in Section 2255 is not jurisdictional and is subject to the doctrine of equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-

[3] The movant does not argue that Section 2255(f)(2) or (f)(4) applies in this case.

50 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, the movant has made no argument, implicit or explicit, for application of the equitable tolling doctrine in the motion or in response to the respondent's contention that the motion is untimely. (*See* Doc. Nos. 1, 2, 8.) Absent such a showing, "a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)); *see also United States v. Locke*, 471 U.S. 84, 101 (1985) (holding that statute of limitations expiration dates are rigid, as allowing for leeway even for one day would create a "cascade of exceptions that would engulf the rule erected by the filing deadline"); *Simpson v. LaRose*, No. 1:13-cv-1005, 2013 WL 5924161, at *6 (N.D. Ohio Oct. 31, 2013) (concluding that federal habeas petition filed one day after expiration of the statute of limitations was untimely). Accordingly, the Section 2255 motion is time-barred.

**B. Application of *Davis***

Even if the court were to reach the merits of the movant's claim, however, it fails. The movant's conviction does not implicate *Davis*. Section 924(c), under which the movant was convicted, criminalizes using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence *or* drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (emphasis added). The statute defines the term "crime of violence" in two subparts – the first is known as the "elements clause" and the second as the "residual clause." *Davis*, 139 S. Ct. at 2324. In *Davis*, the Supreme Court invalidated the "residual clause" of this definition because it is unconstitutionally vague.[4] *Id*. at 2325-33. *Davis* did not, however, address the definition of a drug trafficking crime that is found in Section 924(c)(2) and includes "any felony

[4] *Davis* followed on the heels of *Johnson v. United States*, 135 S. Ct. 2552 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), in which the Supreme Court struck down residual clauses of other statutes that defined "violent felony" and "crime of violence," respectively.

punishable under the Controlled Substances Act (21 U.S.C. 801, et seq.)." *United States v. Steele*, No. Civ. 16-20062, 2020 WL 1234931, at *2 (E.D. Mich. Mar. 13, 2020). Furthermore, "courts have rejected any attempt to extend the residual clause deficiency in the 'crime of violence' provision to the 'drug trafficking' provision." *Id*. (citing *In re Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019) (rejecting post-*Davis* challenge to § 924(c) conviction predicated on possession with intent to distribute cocaine and marijuana charge); *United States v. Simms,* 914 F.3d 229, 252 (4th Cir. 2019) (en banc) (finding residual clause in Section 924(c)(3)(B) vague before *Davis*, but explaining that "[i]n striking it down, we leave intact . . . the entirety of the definition of 'drug trafficking crime' in § 924(c)")); *see also United States v. Chapman*, 851 F.3d 363, 374-75 (5th Cir. 2017) (finding defendant's Section 924(c) convictions not affected "by any alleged infirmity in the risk of force definition of crime of violence" because the predicate offenses were "based on having committed drug trafficking crimes"); *United States v. Maya*, No. 19-5100, 2020 WL 4048038, at *3 (6th Cir. July 20, 2020) (affirming Section 924(c) conviction concerning drug trafficking offense on other grounds after *Davis* without comment on constitutionality of definition of "drug trafficking crime").

Here, the movant was neither accused nor convicted of a violation of Section 924(c) based on a "crime of violence" such that *Davis* would be relevant. Moreover, that the movant was arrested during a burglary investigation does not trigger, as the movant suggests, application of the "crime of violence" provision. (*See* Doc. No. 8.) Rather, the movant's Section 924(c) conviction (Count Two) was explicitly based on a "drug trafficking crime" – namely, the crime charged in Count One. *See* Crim. Action (Doc. Nos. 17, 56, 64). Because *Davis* does not impact a conviction under Section 924(c) based on a drug trafficking offense, the movant may not obtain relief under Section 2255.

## IV. Conclusion

For these reasons, the movant is not entitled to an evidentiary hearing. The movant's *Davis* claim is time-barred and fails on the merits. Accordingly, the Section 2255 motion will be denied and this action will be dismissed. Because jurists of reason could not disagree with the court's resolution of the movant's claim, the court will deny a certificate of appealability.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge